NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELODY J. SPEAR, | No. 23-35356 |
| Plaintiff-Appellee, | D.C. No. 6:22-cv-00113-MK |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and/or its/their unknown business entity and/or subsidiary, a foreign business corporation, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted October 23, 2024[**]
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Oregon law mandates certain minimum coverage for uninsured motorists in all motor vehicle liability insurance policies. Oregon Revised Statutes ("ORS")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

742.504(1)–(12). If a policy provides less favorable coverage than the statutory model policy, Oregon courts invalidate the offending exclusion/provision and require coverage. In our case, there is no dispute that the insurance policy at issue would not normally provide coverage because it does not cover the vehicle involved in the accident. The insured, however, still argues that she is entitled to coverage because a part of an exclusion that is irrelevant to the facts of the case provides less favorable coverage than the model policy. We disagree and hold that for a claimant to benefit from Oregon's minimum coverage scheme under ORS 742.504, the allegedly less favorable part of the challenged provision must implicate the facts of the claimant's case.

Melody Spear was injured in a motor vehicle accident by an uninsured motorist. At the time of the accident, Spear was insured under a motor vehicle liability policy issued by State Farm Mutual Automobile Insurance Company for each of her two cars: (1) a policy for her 2009 Honda Pilot, and (2) a policy for her 2011 Toyota Prius. Spear occupied the Honda Pilot at the time of the accident, after which she sought Uninsured Motorist ("UM") benefits under both State Farm policies. State Farm paid the limit for the Honda Pilot policy but denied UM benefits under the Toyota Prius policy, because that policy did not cover the Honda Pilot. Spear filed suit, and the district court granted summary judgment in her favor. We have jurisdiction under 28 U.S.C. § 1291 and reverse.

2

We review de novo a district court's order granting summary judgment, as well as questions of statutory interpretation. *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019) (citations omitted).

The Oregon Supreme Court set forth the overarching framework for analyzing Oregon's model UM statute in *Vega v. Farmers Insurance Co. of Oregon*, 918 P.2d 95 (1996). *See Batten v. State Farm Mut. Auto. Ins. Co.*, 495 P.3d 1222, 1224–25 (Or. 2021) (en banc). As *Vega* notes, the Oregon legislature has set out "a comprehensive model" policy of UM coverage at ORS 742.504(1)–(12). 918 P.2d at 101. The statute requires policies to provide UM "'coverage that *in each instance is no less favorable in any respect* to the insured or the beneficiary than if' those model policy terms 'were set forth in the policy.'" *Batten*, 495 P.3d at 1224 (quoting ORS 742.504) (emphasis added).

Spear does not dispute that the Toyota Prius policy excluded her Honda Pilot, the vehicle involved in the accident, under the policy's Regular Use Exclusion.[1] Rather, Spear argues that the Regular Use Exclusion is otherwise broader—and thus

---

[1] The Regular Use Exclusion states:

**Exclusions**
THERE IS NO COVERAGE: [ . . . ]
    2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY:***
        a. WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** OR FURNISHED FOR THE REGULAR USE OF ***YOU*** . . . IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

less favorable—than ORS 742.504 permits. Specifically, Spear argues that the Regular Use Exclusion excludes substitute vehicles, motorcycles, and three-wheeled vehicles from coverage, while the statutory model includes them at ORS 742.504(2)(d)(A) and 742.504(2)(m). Therefore, Spear argues that the Regular Use Exclusion is unenforceable under ORS 742.504 and she is entitled to coverage— even though the Honda Pilot was *not* a substitute vehicle, motorcycle, or three-wheeled vehicle. Spear thus argues that the allegedly less favorable part of the provision she is challenging need not implicate the facts of her case for the provision to be unenforceable under ORS 742.504.

Spear is mistaken for several reasons. First, the plain language of ORS 742.504 indicates that we must look at the specific facts of a case—not the policy in the abstract—to determine whether a policy is "less favorable" than the statutory model. This is because the statute mandates UM coverage that "*in each instance* is no less favorable in any respect" than the statutory model policy's coverage. ORS 742.504 (emphasis added); *see Vega*, 918 P.2d at 100–01. An "instance" means an "example or occurrence," *Black's Law Dictionary* (12th ed. 2024), or "an individual illustrative of a category," *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/instance (last visited Oct. 15, 2024). Thus, in the insurance context, an "instance" of coverage means a specific instance or case in which

4

coverage attaches.[2]

Next, the statute itself confirms this reading of ORS 742.504 through its use of the word "insured."  ORS 742.504(2)(c)(A) defines "insured" as "[t]he named insured as stated in the policy."  In other words, "the insured" in the statute refers to an actual claimant in an actual claim, not to any potential person in a potential claim.  And a policy must provide UM coverage which is not less favorable to *that claimant* than the statutory minimum, judging by if the statutory model provisions were set forth in *that claimant*'s policy.  Here, Spear's coverage is the same whether under her policy or the statutory model policy.

Finally, a close reading of *Vega* also confirms this approach.  *Vega* held that in construing ORS 742.504, "the intent of the legislature . . . controls."  918 P.2d at 102 (citations omitted).  The legislature's intent was to "protect[] . . . automobile insurance policyholder[s] against the risk of inadequate compensation" and to "place the injured policyholder in the same position he would have been in if the tortfeasor had had liability insurance."  *Id.* at 103 (citations omitted).  Yet the challenged part of a UM provision that does not implicate the facts of the case cannot, logically

---

[2] The alternative that Spear suggests would read the phrase "in each instance" out of the statute, because "in any respect" already captures the requirement that a UM policy may not be less favorable than the statutory model generally, in the abstract. "If the legislature desires to restrict the scope of coverage that the statute contemplates, it does not lack the linguistic tools necessary to achieve that outcome." *Carrigan v. State Farm*, 949 P.2d 705, 708 (Or. 1997).

speaking, impact the policyholder's "position." *See id.* at 103 n.13. Rather than preventing "inadequate compensation," knocking out an exclusion on this sort of abstract basis would provide the insured windfall coverage for which the parties never contracted.

Together, these principles confirm that Spear did not receive "less favorable" coverage under the Toyota Prius policy than ORS 742.504 permits. Even if her policy had contained the statutory model provisions, Spear would not have been covered here because she was not driving a substitute vehicle, motorcycle, or three-wheeled vehicle at the time of the accident. Accordingly, State Farm was entitled to deny UM benefits under the Toyota Prius policy's Regular Use Exclusion.

The district court's judgment is **REVERSED** and the matter **REMANDED** for further proceedings consistent with this disposition.[3]

---

[3] The parties' joint motion for certification to state supreme court, Dkt. 23, is **DENIED** as moot.